# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL CHARLES WARD, | : | CIVIL ACTION NO. |
| GDC ID #1000070409, | : | 1:13-CV-02104-AT-JCF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT W. LAVENDER, | : | PRISONER CIVIL RIGHTS |
| District Attorney, | : | 42 U.S.C. § 1983 |
| ADAM SCHROEDER, | : | |
| Assistant District Attorney, | : | |
| GLADYNE R. DAVISON, | : | |
| Magistrate Judge, | : | |
| STEVIE D. THOMAS, Sheriff, | : | |
| JIMMY LECROY, Investigator, | : | |
| KEVIN NOLLEY, Investigator, | : | |
| CINDY MITCHELL, | : | |
| Defendants. | : | |

## **ORDER**

Plaintiff, a Georgia prisoner, has filed this *pro se* civil rights action seeking to sue seven Defendants, each of whom resides in a Georgia county that lies outside the jurisdiction of this Court. Lavender and Schroeder reside in Hartwell, Georgia, located in Hart County; Davison, Thomas, and LeCroy reside in Carnesville and Mitchell resides in Lavonia—both Georgia cities are located in Franklin County; and Nolley resides in Watkinsville, Georgia, located in Oconee County. (Doc. 1 at 3, 6). Moreover, the gravamen of Plaintiff's complaint concerns events that occurred in

Franklin County, namely, his arrest and prosecution "for a crime [he] did not commit." (*Id.* at 3-4; *see generally* Doc. 4).

Because there is no special venue statute for civil rights actions, the general venue statute, 28 U.S.C. § 1391, controls.  *See Jones v. Bales*, 58 F.R.D. 453, 458 (N.D. Ga. 1972).  In relevant part, § 1391(b) provides that a civil action based on federal question jurisdiction may be brought only in the judicial district where at least one defendant resides or in which a substantial part of the events giving rise to the claim occurred.  Hart, Oconee, and Franklin Counties are located within the jurisdiction of the United States District Court for the Middle District of Georgia.  Thus, Plaintiff has failed to allege proper venue in this Court.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Accordingly, the Clerk is **DIRECTED** to transfer this case to the United States District Court for the Middle District of Georgia, Athens Division.[1]

---

[1] A transfer order is not dispositive.  *See Amati Environmental Enters., Inc. v. Westchester Fire Ins. Co.*, No. 08-780, 2009 WL 89215, *1 n.1 (W.D. Pa. Jan. 8, 2009) (observing that a transfer is not a decision on the merits); *White Mop Wringer Co. of Canada Ltd. v. BT Capital Partners, Inc.*, No. 95-cv-565, 1997 WL 222380, *1 (N.D.N.Y. Apr. 29, 1997) ("Transfer is a nondispositive matter[.]").  As a result, the

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED and DIRECTED**, this 16th day of September, 2013.

                                            /s/ *J. CLAY FULLER*
                                            J. CLAY FULLER
                                            United States Magistrate Judge

---

undersigned may issue an order to transfer this case, and although there is no motion to transfer pending, may do so *sua sponte*. *See Krawec v. Allegany Co-op Ins. Co.*, No. 1:08-cv-2124, 2009 WL 1974413, *3 (N.D. Ohio, July 7, 2009); *Story v. Purdy*, No. CA 06-224, 2006 WL 2374841, *5 (S.D. Ala. Aug. 16, 2006); *Manso-Diaz v. Sherman*, No. 05-cv-0134, 2005 WL 1229360, *1 (W.D.N.Y. May 24, 2005); *Berry v. Salter*, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001).