IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MICHAEL CHARLES WARD,          :
     Plaintiff,          :
                  :
   v.          :   Case No. 3:13-cv-00133 (CDL) (CHW)
                  :
KEVIN NOLLEY and          :
JIMMY LECROY          :   Proceedings Under 42 U.S.C. § 1983
     Defendants.          :   Before the U.S. Magistrate Judge

## RECOMMENDATION

On June 21, 2013 Plaintiff Michael Ward filed his original complaint in the above-styled case under 42 U.S.C. § 1983. Doc. 1. In the original complaint, Plaintiff alleged he was imprisoned on charges of burglary pursuant to an invalid arrest warrant, illegal arrest, false reporting of a crime, and prosecution for a crime he did not commit. *Id.* Now, before the Court is Defendants' Motion for Summary Judgment (Doc. 26). For the following reasons, it is **RECOMMENDED** that Defendants' Motion be **GRANTED**.

## I.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff, in his complaint, alleges that on November 6, 2007, Cindy Mitchell and Defendant Kevin Nolley, an investigator with the Oconee County Sheriff's Department (OCSD), contacted the Franklin County Sheriff's Department (FCSD) and falsely reported that Plaintiff committed a burglary. Doc. 1, p. 4. Plaintiff further contends that Defendant Jimmy LeCroy, an investigator with the FCSD, failed to investigate the crime and sought an arrest warrant; that Gladyne Davison, a Franklin County Magistrate Judge, failed to verify facts before issuing said arrest warrant; that Stevie Thomas, Sheriff of the FCSD, illegally arrested Plaintiff; Franklin County District Attorney Robert Lavender charged Plaintiff with a burglary Plaintiff did not

commit; and Franklin County Prosecutor Adam Schroeder prosecuted Plaintiff for the burglary. Doc. 1, pp. 3, 4. Plaintiff was granted bond and released the day after his arrest, on November 7, 2007. Doc. 11, p. 2. Plaintiff further stated he has suffered significant psychological damage and irreparable emotional injuries which entitle him to monetary damages.  In his supplemental complaint, Plaintiff alleges that the charges against him were dismissed on June 27, 2011. Doc. 11, p. 3.  Plaintiff also adds a claim that he was "deprived [] of his constitutional rights during the forty-three months in which his charge for burglary was pending.  *Id.*

Pursuant to review under 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims against Defendants Nolley and LeCroy to go forward as a claim for malicious prosecution. Docs. 12, 16. All of Plaintiff's other claims were dismissed. *Id.* Defendants timely filed their answer, and discovery commenced. Doc. 21. On September 2, 2014, the remaining Defendants filed a Motion for Summary Judgment. Doc. 26.

According to Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, the nonmoving party must

provide "enough of a showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson,* 477 U.S. at 251).

## II.   DISCUSSION

Plaintiff claims that Defendants violated his Fourth Amendment rights by subjecting him to malicious prosecution. Summary judgment is warranted as to Plaintiff's malicious prosecution claim because the evidence presented to the Court shows, beyond any genuine issue of material fact, that Defendants had probable cause to arrest Plaintiff. Additionally, Defendants are entitled to qualified immunity because Plaintiff has not shown that Defendants' did not have at least "arguable probable cause" to arrest Plaintiff. Doc. 27, p. 11.

The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under section 1983." *Grider v. City of Auburn,* 618 F.3d 1240, 1256 (11th Cir. 2010). To state a claim for malicious prosecution under Section 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. *Id.* (internal citations omitted). The elements of a common law tort of malicious prosecution are "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id.* (internal quotations and citation omitted).

"Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sherrod v. Johnson,* 667 F.3d 1359, 1363 (11th Cir. 2012) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "There can be no doubt" that officers effectuating an arrest are performing discretionary duties.

*Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002). "'Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply.'" *Edwards v. Shanley,* 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting *Lewis v. City of West Palm Beach,* 561 F.3d 1288, 1291 (11th Cir. 2009)). To meet this burden, a plaintiff must establish both that "the officer's conduct amounted to a constitutional violation" and "the right violated was 'clearly established' at the time of the violation." *City of West Palm Beach,* 561 F.3d at 1291. This two-step analysis may be done in whatever order is deemed most appropriate for the case. *City of West Palm Beach,* 561 F.3d at 1291 (citing *Pearson v. Callahan,* 555 U.S. 223, 236 (2009)).

The clearly established law must provide a defendant with "fair warning" that his or her conduct deprived the plaintiff of a constitutional right. *Hope v. Pelzer,* 536 U.S. 730, 739–41 (2002). A plaintiff "can demonstrate that the contours of the right were clearly established in several ways." *Terrell v. Smith,* 668 F.3d 1244, 1255 (11th Cir. 2012). First, a plaintiff can show that "a materially similar case has already been decided." *Id.* (internal quotations and citations omitted). Second, a plaintiff can point to a "broader, clearly established principle [that] should control the novel facts [of the] situation." *Id.* (internal quotations and citation omitted). "Finally, the conduct involved in the case may 'so obviously violate[ ] th[e] constitution that prior case law is unnecessary.' " *Id.* (internal citations omitted). Clearly established precedent in this Circuit means decisions of the United States Supreme Court, the Eleventh Circuit, and the highest court of the pertinent state. *McClish v. Nugent,* 483 F.3d 1231, 1237 (11th Cir. 2007).

As to the first showing—a constitutional violation—"the existence of probable cause defeats a Section 1983 malicious prosecution claim." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (2010). "Probable cause to arrest exists if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent

person to believe, under the circumstances shown, that the suspect has committed ... an offense."
*Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996). It is immaterial to determining whether
probable cause to arrest existed that an individual is ultimately not prosecuted or is later acquitted.
*See Knight v. Jacobson*, 300 F.3d 1272, 1275 (11th Cir. 2002); *L.S.T., Inc. v. Crow*, 49 F.3d 679,
685 (11th Cir. 1995).

The record of evidence in this case, construed in the light most favorable to Plaintiff, shows
that Defendants had probable cause to believe Plaintiff violated Georgia's burglary statute, which
provides in pertinent part:

> A person commits the offense of burglary in the first degree when, without
> authority and with the intent to commit a felony or theft therein, he or she enters or
> remains within an occupied, unoccupied, or vacant dwelling house of another or
> any building, vehicle, railroad car, watercraft, aircraft, or other such structure
> designed for use as the dwelling of another.

O.C.G.A. § 16-7-1. The undisputed evidence in this case shows that a deputy from the Oconee
County Sheriff's Office was dispatched to the home of Cindy Mitchell on October 22, 2007, in
response to reports from Mitchell's housekeeper about a man in camouflage clothing hiding in the
bushes beside Mitchell's house. Doc. 26: Aff. of Kevin Nolley, ¶ 3. Mitchell arrived at the scene
and informed the deputy that she suspected the prowler was her ex-boyfriend, Plaintiff Ward. *Id.*, ¶
4. Mitchell explained that Plaintiff had been stalking her. *Id.* On November 2, 2007, Defendant
Nolley called Plaintiff and asked him to stop contacting Mitchell. *Id.*, ¶ 7. Plaintiff insisted that he
was not contacting Mitchell or anyone who had anything to do with her. *Id.*

Three days later, on November 5, 2007, Defendant Nolley responded with other deputies to
a call at Mitchell's residence concerning a man holding another man at gunpoint. *Id.*, ¶ 8. When
Nolley arrived at the residence, Plaintiff was in custody and another man, Tony Lucas, was
detained. *Id.* Lucas stated that he had been driving past Mitchell's house and observed Plaintiff's

vehicle parked near Mitchell's house. *Id.*, ¶ 9. Because he was familiar with Plaintiff and with Mitchell's concerns about Plaintiff's stalking activity, Lucas stopped to investigate. *Id.* Lucas observed Plaintiff, dressed in camouflage and a face net, emerge from nearby woods. *Id.* Lucas then drew a pistol and ordered Plaintiff to lie on the ground while he called the police. *Id.*

While Plaintiff was in custody, Defendant Nolley made a cursory inventory search of Plaintiff's vehicle. Doc. 26: Aff. of Kevin Nolley, ¶ 10. During this search he "observed a file folder with paperwork that had Cindy Mitchell's name on it, e-mails from Cindy Mitchell's computer, and various other papers with handwritten notes." *Id.* He also discovered "two pages of printed out Mapquest directions to property located at 522 Cedar Street in Lavonia, Georgia." *Id.* Plaintiff, after being advised of his *Miranda* rights, admitted that he took the Mapquest directions from Cindy Mitchell's house. *Id.*, ¶ 11. Mitchell told Defendant Nolley directly that she kept printed out Mapquest directions to that address to assist her in telling visitors how to get to her lake house. *Id.*, ¶ 12. Mitchell also recognized the handwritten notes as Plaintiff's handwriting, and observed that the phone numbers written on the directions were numbers in her call log on her lake property telephone. *Id.*, ¶ 13. Mitchell told Nolley that the directions had been taken out of her house without her permission. *Id.*

Defendant Nolley, based on first-hand information and statements provided by witnesses during his investigation, had probable cause believe that Plaintiff had committed the offense of burglary. Witness Cindy Mitchell made statements to indicate that Plaintiff had been stalking her for a period of time. Her statements were corroborated by the fact that Plaintiff was found and detained close to Mitchell's house, wearing camouflage clothing and a face net, approximately two weeks after witnesses had reported a man in camouflage clothing prowling beside Mitchell's house. At the time he was detained, Plaintiff had in his possession various items taken from

Mitchell's lake house. Mitchell identified these items as items taken from her home and stated that Plaintiff was not authorized to enter her home. These facts, viewed in their totality, were sufficient to lead a prudent person to suspect that Plaintiff had committed a crime, and thus sufficient to support a warrant for Plaintiff's arrest. Defendant LeCroy was entitled to rely on the information developed by Nolley's investigation. An independent judicial officer reviewed this information and determined that probable cause existed to issue a warrant.

In response to Defendants' motion, Plaintiff offers no evidence to rebut Defendants' material facts. Instead, Plaintiff provides a detailed history of his "intimate relations" with Cindy Mitchell. *See* Doc. 30. Plaintiff does not offer any evidence to indicate that the Defendant officers harbored any malice towards Plaintiff—a required element of malicious prosecution. Instead he alleges Defendant Nolley "chose to propagate the known fraud" of Cindy Mitchell. Doc. 30, p. 8. In fact, Plaintiff appears to allege that Cindy Mitchell, instead of Defendants, harbored malice towards Plaintiff, an issue not properly brought under 42 U.S.C. § 1983. He provides no evidence to indicate that Defendants had reason to distrust the statements of Cindy Mitchell, particularly as her statements were corroborated by other witnesses and by their own observations of Plaintiff's actions. Because the evidence shows that Defendants had actual probable cause to arrest Plaintiff, Plaintiff cannot meet the elements of malicious prosecution under Section 1983.

Additionally, Defendants are entitled to qualified immunity unless the plaintiff can show the absence of "arguable probable cause." Arguable probable cause requires only that "under all of the facts and circumstances, an officer reasonably could—not necessarily would—have believed that probable cause was present." *Crosby v. Monroe Cnty.,* 394 F.3d 1328, 1332 (11th Cir. 2004). "This standard recognizes that law enforcement officers may make reasonable but mistaken judgments regarding probable cause but does not shield officers who *unreasonably* conclude that

probable cause exists." *Skop,* 485 F.3d at 1137 (emphasis in original). For qualified immunity purposes the Court must consider "the information known to the defendant officers or officials at the time of their conduct, not the facts known to the plaintiff then or those known to a court later." *Jones v. Cannon,* 174 F.3d 1271, 1283 n. 4 (11th Cir. 1999).

The evidence presented to the Court fails to create a genuine issue of material fact and shows that actual probable cause existed for plaintiff's arrest and prosecution for burglary in Franklin County. Because Defendants had actual probable cause to arrest Plaintiff, and because Plaintiff has not shown the absence of arguable probable cause, Defendants' are entitled to qualified immunity and their Motion for Summary Judgment must be **GRANTED.**

## CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the Motion for Summary Judgment (Doc. 26) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for

plain error if necessary in the interests of justice."

**SO RECOMMENDED**, the 24th day of April, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge